**Mamadou BARRY, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

**No. 05–2106–ag.**

United States Court of Appeals, Second Circuit.

Sept. 15, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Nathan E. Wyatt, Assistant United States Attorney, for Edward E. McNally, United States Attorney, Southern District of Illinois, Fairview Heights, IL, for Respondent.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Mamadou Barry, a native and citizen of Guinea, seeks review of a March 31, 2005 order of the BIA affirming the October 14, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Barry,* No. A 79 318 402 (B.I.A. March 31, 2005), *aff'g* No. A 79 318 402 (Immig. Ct. N.Y. City October 14, 2003). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.

The IJ found incredible Barry's testimony that he had been persecuted on the basis of his Fulani ethnicity and his membership in the Rally of the People Guinean ("RPG") political party. On the basis of that adverse credibility finding, the IJ rejected Barry's asylum, withholding of removal, and CAT claims. Barry then appealed the denial of his claims for asylum and withholding of removal to the BIA. In its order, the BIA summarily affirmed the IJ's decision. On appeal, Barry contends that the IJ's adverse credibility finding was not supported by substantial evidence and that the IJ, as affirmed by the BIA, therefore erred in denying his petitions for asylum and withholding of removal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

We conclude that there was substantial evidence supporting the adverse credibility finding. The IJ identified numerous specific bases for his adverse credibility determination, including Barry's inability to state whether he had traveled to Hong Kong days, weeks, or months after his alleged detention; his inconsistent testimony as to whether his only brother was older or younger than he was; his inconsistent testimony regarding how he had been able to obtain his national identification card during a period of time in which he was allegedly detained; his inconsistent testimony as to whether at the time of his arrest he was found to have a RPG membership card or a card from the Party of Unity and Progress (the "PUP," rival party to the RPG); and the implausibility of Barry's having voluntarily returned to Guinea in October of 2000 had he truly feared for his life at that time. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks and citations omitted). Also supporting the IJ's adverse credibility determination was Barry's lack of corroborating evidence. *See, e.g., Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (explaining that lack of corroboration can be taken into account when assessing an applicant's credibility, provided that it does not serve as the sole basis for an adverse credibility finding).

Accordingly, the petition for review is **DENIED.**